**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 25-00050 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MORGAN J. MOORE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Morgan J. Moore's ("Moore") Second Motion in Limine (Record Document 57). The Government filed an Opposition (Record Document 60). For the reasons explained below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

Moore is charged in a ten-count indictment with distribution, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A)–(B) and (a)(5)(B). Trial is set for February 2, 2026. Moore previously moved to prohibit the Government from playing the audio accompanying certain charged video exhibits. See Record Document 53. After reviewing the evidence with counsel, the Court denied that motion, finding the evidence admissible. See Record Document 55.

In the instant motion, Moore seeks a broader ruling prohibiting the Government from publishing any videos containing child pornography to the jury. See Record Document 57. Moore alternatively requests that the Court require the Government to proceed by stipulation or other sanitized substitutes such as neutral descriptions, expert testimony, metadata, or limited still images. See id. at 1–2. The Government opposes the motion, asserting its right to present its case through evidence of its own choosing and

representing that it has taken steps to mitigate potential prejudice by limiting the length and scope of the video clips it intends to introduce. See Record Document 59.

## LAW AND ANALYSIS

Under Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. The Supreme Court's decision in Old Chief v. United States governs Rule 403 analysis when a defendant offers to stipulate to an element of an offense. See 519 U.S. 172 (1997). Old Chief recognizes that, as a general matter, the Government is entitled to prove its case by evidence of its own choosing, and that forcing the Government to accept a stipulation may "rob the evidence of much of its fair and legitimate weight." Id. at 187. Old Chief carved out a narrow exception where the evidence at issue concerns a defendant's legal status, such as a prior felony conviction, and carries a high risk of unfair prejudice with little narrative value. See id. at 189–92. That exception does not control here.

The Fifth Circuit has held that Old Chief does not require exclusion of child pornography evidence merely because a defendant offers to stipulate. In United States v. Caldwell, the court affirmed the admission of short video clips despite the defendant's stipulation that the files constituted child pornography. See 586 F.3d 338, 342–43 (5th Cir. 2009). The Fifth Circuit emphasized that viewing the videos assisted the jury in determining whether the defendant knowingly possessed child pornography and provided significant narrative value. See id. In United States v. Blank, the Fifth Circuit reaffirmed its position in United States v. Caldwell, again holding that the Government is entitled to present evidence of child pornography to prove its case. See Blank, 701 F.3d 1084, 1092 (5th Cir. 2012); see also Caldwell, 586 F.3d at 342–43.

Here, the evidence Moore seeks to exclude goes directly to factual elements of the charged offenses, including knowledge and intent. Unlike the legal status evidence at issue in <u>Old Chief</u>, the content of the charged videos bears on whether Moore knew the material depicted minors engaged in sexually explicit conduct. The Court therefore concludes that <u>Old Chief</u> does not require exclusion or forced stipulation in this context.

Importantly, the Court has already taken steps to mitigate the risk of unfair prejudice. The Court conferred with counsel and reviewed the evidence and has significantly limited both the quantity and duration of the material to be presented. The Court finds that these safeguards adequately address the concerns raised under Rule 403. After balancing the probative value of the evidence against the danger of unfair prejudice, the Court finds that the probative value is not substantially outweighed. Moore's request to exclude the evidence entirely, or to require the Government to proceed solely by stipulation or sanitized substitutes, is therefore **DENIED**.

## CONCLUSION

Based on the reasons explained above, Moore's Second Motion in Limine (Record Document 57) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of January, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT